UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GLOBAL HEALING CENTER LP, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:14-CV-269 |
| § | |
| NUTRITIONAL BRANDS INC, *et al*, § | |
| § | |
| Defendants. § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiff Global Healing Center LP's ("GHC") Application for a Temporary Restraining Order and Injunction (Doc. 2). Upon review and consideration of the application, response, the evidence submitted, and the arguments presented at the hearing, the Court concludes that GHC's motion should be granted.

**I.     Background**

GHC is a manufacturer and distributor of "dietary supplements and natural health care products over the internet and via authorized distributors and resellers of its products." Pl. Original Compl. and Appl. For TRO ¶¶ 16, 21 (Doc. 1). GHC's leading product is Oxy-Powder, an oxygen colon cleanser. Decl. of Dr. Edward F. Group, III ¶ 2 (Doc. 1-11). According to GHC, Oxy-Powder "enjoys tremendous success, widespread visibility, and goodwill throughout the United States and other counties." *Id.* ¶ 4. GHC has invested significant sums in order to build and maintain the quality and reputation of Oxy-Powder. *Id.* ¶ 6. GHC obtained federally registered trademarks "Oxy-Powder" and "GMO FREE" from the United States Patent and Trademark Office. *Id.* ¶ 5. Out of concern for maintaining Oxy-Powder's quality and

reputation, GHC does not authorize the manufacture or distribution of goods bearing its trademarks or trade dress to any third parties. *Id.* ¶ 7.

Defendant Justus entered into a distribution agreement with GHC in 2004 and is the leading Canadian distributor of Oxy-Powder. *Id.* ¶ 10. The Nutritional Brands Defendants are former manufacturers of Oxy-Powder. *Id.* ¶ 8. In 2012, GHC terminated its manufacturing contract with the Nutritional Brands Defendants. *Id.* Thereafter, the Nutritional Brands Defendants began manufacturing a knock-off Oxy-Powder product—Oxy-Health Powder. *Id.* ¶¶ 11–12. According to GHC, none of the same active ingredients found in Oxy-Powder are contained within Oxy-Health Powder, yet the bottles and labels of the two products are nearly identical. *Id.* ¶ 16. GHC's Oxy-Powder product features a label with a distinctive appearance, and unique non-functional features, including: a green and chartreuse colored background, darker on the top and bottom of the label, and lighter in the middle of the label; vegetative background motifs; large-font green block lettering of the federally registered trademark OXY-POWDER; a bottom border consisting of a repeating sequence of white, blue, green and chartreuse colored block; another bottom boarder consisting of a pattern of gold dots; three roundel symbols reading " "VEGAN," "GMO FREE," and "MADE IN THE USA." *Id.* ¶ 23. The difference between the Oxy-Powder label and the Oxy-Health Powder label are only slight. *Compare* Oxy-Powder Label (Doc. 1-10) *with* Oxy-Health Powder Label (Doc. 1-5). In sum, Oxy-Health Powder incorporates GHC's trademarks "Oxy-Powder" and "GMO Free" and all trade dress associated with those trademarks. Doc. 1-11 ¶ 15.

Justus purchased the allegedly infringing Oxy-Health Powder from the Nutritional Brands Defendants and filled customers' orders for Oxy-Powder with Oxy-Health Powder in violation of the terms of her distribution agreement with GHC. Decl. of Debbie Justus ¶ 5 (Doc.

8).  GHC complains that the similar names, labels, advertising copy and trade dress used by the Defendants' Oxy-Health Powder created confusion among GHC's Oxy-Powder customers. Doc. 1-11 ¶¶ 17, 18.  Docs. 1-5; 1-6, 1-10; 1-13.  GHC states that Defendants' activities have had and will continue to have a substantial, adverse effect on GHC's business by nullifying GHC's right to the exclusive use of its trademarks and trade dress and harming the goodwill of GHC's business.  Doc. 1-11 ¶ 19.  GHC also complains that the Nutritional Brands Defendants have threatened to fraudulently block the sale of Oxy-Powder in Canada and the United Kingdom.  According to Justus, Tamera Leonard told Justus that the Nutritional Brands Defendants would be taking action with the Canadian customs authorities to block the importation of Oxy-Powder into Canada.  Doc. 8 ¶ 3.  Specifically, Tamera Leonard stated that she intended to inform customs authorities in Canada that Oxy-Powder was the knock-off of Oxy-Health Powder and constituted an infringement on the Nutritional Brand Defendants' intellectual property rights.  *Id.*

On February 5, 2014, GHC filed suit against Defendants Nutritional Brands, Inc., Nutritional Beverages, LLC, Aerobic Life Industries, Inc. a/k/a Natural Home Remedies, Jason Pratte, and Tamera Leonard (collectively, "the Nutritional Brands Defendants"), and Debbie Justus, individually and d/b/a Quantum Vides and Oxyhealth Canada ("Justus") alleging the following causes of action: (1) trademark infringement; (2) trademark dilution; (3) trademark tarnishment; (4) trade dress infringement; (5) tortious interference with existing contract; (6) unfair competition; (7) request for declaratory relief; (8) common law unfair competition; (9) breach of contract; (10) fraud; (11) action to compel arbitration. GHC has requested that the Court grant injunctive relief pursuant to sections 1116 and 1125(c)(1) of the Lanham Act, 15 U.S.C. §§ 1501, et seq., and issue a temporary restraining order and injunction preventing

Defendants from infringing GHC's trademarks and trade dress; stopping Defendants' ongoing unfair competition; enjoining Defendants from manufacturing, advertising, distributing, selling, or offering for sale Defendants' infringing product "Oxy-Health Powder." Defendant Justus has already agreed to the injunction. Agreed Prelim. Inj. (Doc. 9). As such, this Order does not apply to her.

## II.     Legal Standard

A party seeking a temporary restraining order or preliminary injunction must establish the following elements: (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; (4) the granting of the preliminary injunction will not disserve the public interest. *Karaha Bodas Co. v. Negara*, 335 F.3d 357, 363 (5th Cir. 2003); *see also Khan v. Fort Bend Indep. Sch. Dist.*, 561 F. Supp. 2d 760, 763 (S.D. Tex. 2008). A preliminary injunction is an extraordinary remedy that should not be granted unless the party seeking it has "clearly carried the burden of persuasion on all four requirements." *Nicols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008).

## III.    Discussion

1. GHC presented evidence that it is the manufacturer and licensor of Oxy-Powder.

2. GHC established that Oxy-Powder is a very popular brand name that is recognized by customers all over the world. GHC has established that their trademarks are trade dress are famous, and have secondary meaning in the minds of their customers.

3. GHC presented evidence that the Nutritional Brands Defendants are manufacturing, distributing, and offering for sale a knock-off product by the name of "Oxy-Health Powder."

4. GHC presented evidence that there is a substantial likelihood of success on the merits of this case.

5. GHC presented competent evidence to substantiate actions for violations of Section 32 and 43 of the Lanham Act, for false designation and origin and false descriptions and representations in interstate commerce; dilution of trademark under Section 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125; trademark tarnishment, common law infringement, trade dress infringement, unfair competition, common law unfair competition and tortious interference with contract.

6. GHC also presented evidence that "Oxy-Health Powder" infringes upon GHC's trademarks and trade dress and that these infringements would cause confusion to the source, affiliation, and sponsorship of goods, and would dilute GHC's trademarks.

7. The Court finds that the harm to Plaintiffs is imminent, that Plaintiff will suffer immediate and irreparable injury, and that there is no adequate remedy at law. Damages at this point cannot be calculated.

8. The Court finds that if Defendants are allowed to continue distributing counterfeit Oxy-Powder by the name of "Oxy-Health Powder," GHC will suffer and is suffering irreparable harm to its goodwill, reputation and market share.

9. The Court finds that the injury faced by Plaintiffs is irreparable, and that the burden of enjoining Defendants, and preventing them from distributing and selling counterfeit Oxy-Powder by the name "Oxy-Health Powder" is outweighed by the benefit of preserving Plaintiffs' intellectual property and goodwill in the marketplace.

10. The Court finds that granting the relief requested would not adversely affect, and would in fact serve public policy and public interest.

11. The Court ORDERS Plaintiffs to deposit a bond with the Court in the amount of $1,000.00

## IV.  Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that this Temporary Restraining Order shall be in effect for ten days. An evidentiary hearing on the motion for a Preliminary Injunction is hereby set for Wednesday, February 19, 2014 at 9:30 a.m. in the Bob Casey Federal Building, 515 Rusk Street, Houston, Texas  77002, Courtroom 9C; it is further

**ORDERED** that Defendants, their agents, servants, employees, attorneys, and all persons or entities acting in concert or participation with them who receive actual notice of this Order by

service, or otherwise, are hereby **RESTRAINED AND ENJOINED** from selling, promoting, advertising, offering for sale, distributing, or receiving payment for "Oxy-Health Powder" natural dietary supplement, any counterfeit copy of same, as well as any colorable imitation of same.  It is further

  **ORDERED** the Defendants, their agents, servants, employees, attorneys, and all persons or entities acting in concert or participation with them who receive actual notice of this Order by service, or otherwise, are hereby **RESTRAINED AND ENJOINED** from attempting to bar importation or exportation of GHC's "Oxy-Powder" product, by means of making false or fraudulent statements to any customs officials or other third parties.  It is further

  **ORDERED** that Defendants, their agents, servants, employees, attorneys, and all persons or entities acting in concert or participation with them who receive actual notice of this Order by service, or otherwise, are hereby **RESTRAINED AND ENJOINED** from threatening, or making fraudulent statements regarding Oxy-Powder, to GHC distributors or wholesalers for the purposes of obtaining a competitive advantage or inducing GHC distributors or wholesalers to breach their contracts with GHC.

  SIGNED at Houston, Texas, this 14th day of February, 2014.

                 _____
                  MELINDA HARMON
                UNITED STATES DISTRICT JUDGE